STATE *ex rel.* J. SELDEN SPENCER *v.* BOARD OF EDUCATION

(No. 7146)

Submitted October 7, 1931. Decided October 13, 1931.

*Ambler, McCluer & Ambler* and *J. W. Vandervort,* for petitioner.

*F. P. Moats,* for respondents.

HATCHER, JUDGE:

Petitioner is district supervisor of schools of Williams Independent School District in Wood County. He seeks here a writ of prohibition to restrain the board of education of the district from proceeding to remove him.

The respondent demurs to and answers his petition, but insists upon its demurrer. On the demurrer we must, of course, consider the petition alone. Its material allegations, in brief, are that: the petitioner has A. B. and M. A. degrees from Marietta College, a first-class teacher's certificate and a supervisor's certificate; he has been, for several years, and is now, under appointment by defendant, made June 12, 1931, the district supervisor; many improvements (listed) have been effected during his supervision; since his re-appointment he has performed the duties of his office efficiently and no charge has been made against him before the respondent and no com-

152

plaint has been made against or fault found with him by the respondent; on August 18, 1931, he was notified in writing by respondent to show cause before it on August 28th why he should not be removed from his office "for lack of efficiency"; the action of respondent is groundless and it is assuming the unauthorized multiple role of accuser, prosecutor and judge of the petitoner; Williams Independent School District was organized under a special charter, granted by the legislature in 1917 (see Acts 1917, chapter 78); the Code of 1931, supercedes the special charter, and lack of efficiency is not ground for removal under chapter 18, article 7, section 6, which now relates to the removal of supervisors; in June, 1929, the respondent, after a full hearing, dismissed a charge of inefficiency against petitioner; the hearing intended on August 8, 1931, involves the same matters heard in June, 1929; the dismissal in 1929 is *res judicata* of the present charge against him, and that the board is without jurisdiction to try him on the charge.

Code 1931, 63-1-3, provides that no act of a "special or local character" is repealed by this Code. Consequently, the Act creating the independent school district of Williams is still in effect. Section 24 of that enactment provides that the supervisor "may be removed at any time for immorality, misconduct or lack of efficiency". While the Act does not specifically state that such removal shall be made by the board, the implication of the context to that effect is so clear as to leave no room for doubt. Accordingly, we find that the respondent has jurisdiction of the proceeding pending against the petitioner. Now if the evidence tending to show inefficiency prior to the hearing in 1929 should be heard by respondent, then the petitioner can defend as to such evidence by showing the dismissal of the charges at that hearing. If the respondent refuses to recognize this defense, or removes him for some cause, other than *lack of present efficiency,* as petitioner apprehends, he has his remedy by *certiorari* to the circuit court. His fears that respondent will abuse its authority are not sufficient to call for a prohibitory writ. Consequently, the petition is not sufficient in law, and the demurrer thereto is sustained.

*Demurrer sustained.*